IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No.  38855-7-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JORGE G. ESTRADA-MARTINEZ, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

SIDDOWAY, J. — In February 2022, Jorge Estrada-Martinez was charged by

amended information with two counts of third degree assault, one count of driving under

the influence, one count of resisting arrest, and one count of hit and run.  At the

conclusion of a three-day trial, jurors found him guilty of driving under the influence and

resisting arrest, but acquitted him of the assault and hit and run charges.

At sentencing, the prosecutor asked the court to impose 15 days' confinement

"[a]nd the mandatory $350 fine that's required under RCW 46.61.505."  Rep. of Proc.

(RP)[1] at 747.  Defense counsel asked that the court impose 15 days' electronic

monitoring instead.  He also explained that Mr. Estrada-Martinez was unemployed,

without resources, and faced over $5,000 in restitution for damaging a telephone pole—

---

[1] References are to the verbatim report of proceedings that contains the trial and
sentencing.

"a huge amount" for his client—and asked the court to "waive . . . fees that are potentially [waivable] given his financial status." RP at 751. Defense counsel did not contest the prosecutor's representation that the fine provided by RCW 46.61.505 was mandatory.

The court imposed a 30-day sentence of home confinement. It found Mr. Estrada-Martinez to be indigent, but imposed $5,976.50 as restitution, the $500.00 victim assessment, and the $350.00 statutory fine, explaining to Mr. Estrada-Martinez that it had no choice but to impose these amounts.

Mr. Estrada-Martinez timely appealed, challenging the $350 fine as improperly imposed. Having determined that the $350 fee provided by RCW 46.61.5055 was not, in fact, mandatory,[2] the State moved this court under RAP 7.2(e) for leave to move the trial court to amend the judgment. Our commissioner granted the State's motion, and the sentencing court granted the requested amendment, striking the $350 fine.

The State now argues the appeal is moot. Court staff notified Mr. Estrada-Martinez's counsel of the option of withdrawing his appeal. After his lawyer was unable to obtain Mr. Estrada-Martinez's written consent, *see* RAP 18.2, the appeal was heard by a panel of judges without oral argument.

---

[2] RCW 46.61.5055(1)(a)(ii) provides in relevant part that the punishment of a person whose alcohol concentration was less than 0.15, or was untested for reasons other than refusal to take a test, shall include "a fine of not less than three hundred fifty dollars nor more than five thousand dollars," and, "Three hundred fifty dollars of the fine may not be suspended *unless the court finds the offender to be indigent.*" (Emphasis added.)

We dismiss the appeal as moot. *See Mony Life Ins. Co. v. Cissne Family LLC*, 135 Wn. App. 948, 952, 148 P.3d 1065 (2006) ("Generally, we will dismiss an appeal if the issues are moot.").

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Siddoway, J.

WE CONCUR:


_____
Pennell, J.


_____
Staab, J.